# CIRCUIT COURT OF NORTHAMPTON COUNTY

Commonwealth of Virginia

v.

Edwin Joseph Travis

## July 30, 1993

BY JUDGE GLEN A. TYLER

In this case the Court will decide whether a person, who has been granted a restricted permit to drive after three years from being declared an habitual offender, can then be charged with driving after being declared an habitual offender merely because he has driven in violation of the restrictions.

Edwin Joseph Travis was declared an habitual offender by this court on January 9, 1989. Then on September 18, 1992, this Court granted him a restricted permit under Va. Code Ann. § 46.2–360.2 authorizing him to drive a motor vehicle on the highway in the course of his employment and to and from his home and employment and to and from the Alcohol Safety Action Program he was required to attend. This case arises because Travis was stopped by the State Police on April 22, 1993, for driving a motor vehicle on the highway outside the parameters of his restrictions. He was indicted by the Northampton County Grand Jury on May 10, 1993, upon a charge of operating a motor vehicle upon the highways of the Commonwealth after having been adjudged an habitual offender in violation of Va. Code Ann. § 46.2–357.

The defendant, by Jeffrey C. Flax, his attorney, filed a motion on June 23, 1993, to quash the indictment on the grounds, among other things, that the defendant's privilege to operate a motor vehicle was not suspended or revoked, but that he had been granted a restricted license by this Court. At oral argument on the motion on July 26, 1993,

counsel argued that what he meant by the motion in paragraph 2 thereof was that defendant could not be charged with having driven a motor vehicle after being declared an habitual offender but could only be charged with driving a motor vehicle in violation of the permit restrictions set out in the Court's order of September 18, 1992. Counsel argued that the defendant could only be charged with a misdemeanor and prosecuted according to Va. Code Ann. § 18.2–272. This Court is not persuaded by the defendant's argument. Regarding one who has been found to be an habitual offender, Code § 46.2–357 provides that it is unlawful to drive a motor vehicle on the highway while the order of the Court prohibiting such operation remains in effect. It is the Commonwealth's argument in this case that the prohibition remains in effect. Further, regarding one who has been found to be an habitual offender, Code § 46.2–360 provides that where one's adjudication is based on a conviction or convictions for driving under the influence, that the Court may (1) restore his privilege to drive after five years, or (2) grant a restricted permit to drive under certain circumstances after three years in accordance with the procedures in Va. Code Ann. § 18.2–271.1(E). It should be noted that in Code § 46.2–360 under subsection (1), a defendant is no longer an habitual offender if his privilege to drive is restored, but under subsection (2) he is not restored but merely given a restricted permit to drive even though he has been declared and continues to be declared an habitual offender.

A number of provisions not necessarily related to the restricted license permitted by Code § 46.2–360 are set out in Code § 18.2–271.1(E), but it also sets out certain procedures that are incorporated by Code § 46.2–360. Code § 18.2–271.1(E) also says that any person who operates a motor vehicle in violation of any restrictions imposed pursuant to *that* section shall be guilty of a violation of that section. But in this case, the defendant was not operating a motor vehicle in violation of restrictions imposed pursuant to that section. He was violating restrictions imposed pursuant to Code § 46.2–360. It should be noted that Code § 18.2–272 provides for punishment for driving after license forfeiture upon conviction for driving while intoxicated.

In conclusion, a person who has been granted a restricted permit to drive after three years from being declared an habitual offender can be charged with the felony or misdemeanor of driving after being de-

clared an habitual offender, if he drives a motor vehicle on the highway in violation of the restrictions upon a permit granted pursuant to Code § 46.2–360. The defendant's motion to quash is denied.